UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TIMOTHY R.,

            Plaintiff,

v.                                                                                  5:21-CV-0384
                                                                                    (ML)
COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____

APPEARANCES:                                                OF COUNSEL:

OLINSKY LAW GROUP                                           ANDREW FLEMMING, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                              AMELIA STEWART, ESQ.
  Counsel for the Defendant                                 Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

argument was heard in connection with those motions on September 13, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 19) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 14, 2022
      Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
R

vs.                                  5:21-CV-0384

COMMISSIONER OF SOCIAL SECURITY



_____
```

DECISION AND ORDER

September 13, 2022

The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE

A P P E A R A N C E S

For Plaintiff:     ANDREW FLEMMING, ESQ.

For Defendant:     AMELIA STEWART, ESQ.

*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1          THE COURT:  The Court is going to begin its
2  decision and analysis as follows:
3          Plaintiff has commenced this proceeding pursuant
4  to Title 42 United States Code Section 405(g) and 1383(c) to
5  challenge the adverse determination by the Commissioner of
6  Social Security finding that he was not disabled at the
7  relevant times and therefore ineligible for the benefits
8  that he sought.
9          By way of background, the Court starts as follows:
10          Plaintiff was born in 1978.  He is currently 44
11  years of age.  He was approximately 33 years old at the
12  alleged onset of his disability on November 13th of 2011.
13  Plaintiff lives in a house with his mother, uncle, and aunt.
14  Plaintiff is approximately 5 feet 6 inches in height, weighs
15  approximately 135 pounds.  Plaintiff has a high school
16  education and can communicate in English.  Plaintiff's
17  activities of daily living include caring for his personal
18  needs without assistance, cooking, cleaning, and providing
19  daily child care.
20          Procedurally, the Court notes as follows in this
21  case:
22          Plaintiff applied for Title 16 benefits on
23  March 16th of 2015 alleging an onset date of November 13,
24  2011.  Administrative Law Judge Jennifer Gale Smith
25  conducted a hearing on January 23rd, 2018, to address

1  plaintiff's application for benefits.  ALJ Smith issued an
2  unfavorable decision on May 2nd, 2018.  On November 1st,
3  2019, the Social Security Administration Appeals Council
4  remanded the matter.  The application was reassigned to ALJ
5  Kenneth Theurer, who held a hearing on April 15 of 2020.
6  ALJ Theurer issued an unfavorable decision on April 23rd of
7  2020.  That became the final determination of the agency on
8  February 2nd, 2021, when the Social Security Administration
9  Appeals Council denied plaintiff's application for review.
10           This action was commenced on April 3rd of 2021,
11 and it is timely.
12           In his decision, ALJ Theurer applied the familiar
13 five-step test for determining disability.
14           At step one, the ALJ concluded that plaintiff had
15 not engaged in substantial gainful activity since March 16,
16 2015, the application date.
17           At step two, the ALJ concluded that plaintiff
18 suffers from severe impairments that impose more than
19 minimal limitations on his ability to perform basic work
20 activities, specifically degenerative disc disease of the
21 lumbar spine, COPD, and asthma.
22           At step three, ALJ Theurer concluded that
23 plaintiff's conditions do not meet or medically equal any of
24 the listed presumptively disabling conditions set forth in
25 the Commissioner's regulations, and focusing on

listing 1.04 dealing with disorders of the spine and 3.03 dealing with asthma.

Next, the ALJ next determined that plaintiff retains the residual functional capacity to perform sedentary work except occasionally lift and carry or push and pull 10 pounds, sit for approximately 6 hours, stand or walk for approximately 6 hours in an 8-hour day with normal breaks; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling.  The ALJ noted plaintiff should be permitted to alternate from a seated to standing position two times each hour while remaining at the work station and on task.  In addition, the ALJ noted plaintiff should avoid concentrated exposure to smoke, dust, and respiratory irritants.

At step four, the ALJ concluded that plaintiff could not perform his past relevant work as a kitchen helper and construction roofer.

At step five, the ALJ concluded that based on the testimony of the vocational expert and considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform.  More specifically, the vocational expert testified that plaintiff would be able to perform the requirements of representative occupations such

1  as a table worker, dowel inspector, and surveillance system
2  monitor.
3         Now, as the parties know, the Court's functional
4  role in this case is limited and extremely deferential.  I
5  must determine whether correct legal principles were applied
6  and whether the determination is supported by substantial
7  evidence defined as such relevant evidence as a reasonable
8  mind would find sufficient to support a conclusion.  As the
9  Second Circuit Court of Appeals noted in Brault V. Social
10 Security Administration Commissioner, that's found at
11 683 F.3d 443, a 2012 case, the Circuit stated that the
12 standard is demanding, more so than the clearly erroneous
13 standard.  The Second Circuit also noted in Brault that once
14 there is a finding of fact, that fact can be rejected only
15 if a reasonable fact-finder would have to conclude
16 otherwise.
17        On appeal, plaintiff raises one contention.
18 Plaintiff argues that the ALJ failed to properly weigh the
19 opinion evidence from treating physician Dr. John Eppolito,
20 MD.
21        The Court begins its analysis as follows:
22        As the parties set forth in their briefs, because
23 plaintiff's application for benefits was filed in 2015, it
24 is subject to the treating physician rule.
25        Dr. Eppolito was a treating provider of

1   plaintiff's and submitted two medical source statements.
2   The first statement is dated December 1st, 2017.  See docket
3   number 11, attachment 1 at 518 to 521, transcript pages
4   1010 to 1013.  And therein Dr. Eppolito opined, inter alia,
5   as follows:
6           Plaintiff could sit for no more than 30 minutes at
7   one time; stand no more than 20 minutes at one time; sit and
8   stand or walk less than 2 hours total in an 8-hour workday;
9   rarely twist, stoop/bend, crouch/squat, and climb stairs;
10  and never climb ladders.  Dr. Eppolito also opined that
11  plaintiff required the use of a cane or other assistive
12  device at times.  In addition, Dr. Eppolito opined that
13  plaintiff would need to take unscheduled breaks every 2
14  hours that would require him to rest for approximately 15
15  minutes before returning to work; and be off task more than
16  20 percent of the day and miss about 4 days per month as a
17  result of his impairments.
18          Dr. Eppolito issued another medical source
19  statement dated April 15 of 2020.  See docket number 11,
20  attachment 1 at 1054 to 1057, transcript pages 1545 to 1548.
21  And therein Dr. Eppolito opined, inter alia, that plaintiff
22  could sit no more than 20 minutes at one time; stand no more
23  than 15 minutes at one time; sit and stand/walk less than 2
24  hours total in an 8-hour workday; rarely twist, stoop, bend,
25  crouch, squat, and climb ladders; and occasionally climb

stairs.  Dr. Eppolito opined that plaintiff did not require the use of a cane or other assistive device.

In addition, Dr. Eppolito opined that plaintiff would need to take unscheduled breaks every hour that would require him to rest for approximately 10 minutes before returning to work; and be off task more than 20 percent of the day; and miss more than 4 days per month as a result of his impairments.

The ALJ assigned partial weight to the opinions of Dr. Eppolito.  More specifically, the ALJ found persuasive those portions of Dr. Eppolito's opinion that related to plaintiff's use of his upper extremities and environmental limitations, and which do not appear to be in contention here on appeal.  The ALJ assigned little weight to the sit, stand, and walk limitations, the need to use a cane, and the off task and absences limitations opined by Dr. Eppolito.

Although the ALJ incorrectly stated that Dr. Eppolito opined that plaintiff needed to, quote, use a cane at all times, I find this error was not indicative of the ALJ cherry-picking the evidence.  Moreover, as the ALJ noted, the record did not contain a prescription or medical recommendation for the use of a cane.  Thus, whether plaintiff needed to use a cane, quote, at all times, or, quote, at times, neither limitation was supported by the record.

1	In addition, the record contained substantial
2	evidence that supports the ALJ's rejection of Dr. Eppolito's
3	opined limitation on plaintiff's ability to sit or stand and
4	walk for less than two hours each day.  The same evidence
5	also supported the ALJ's rejection of a limitation to use a
6	cane at times, as opined by Dr. Eppolito in 2017.  For
7	example, the record contained observations of plaintiff
8	having a steady or normal gait; Dr. Eppolito's observation
9	that plaintiff ambulated unassisted and that his gait was
10	smooth, even, and well-balanced; Dr. Eppolito's observation
11	of plaintiff's intact left upper extremity motor functioning
12	and intact coordination.  In addition, the ALJ considered
13	other clinical findings in the record, which documented
14	intact sensation and left upper extremity strength with a
15	normal gait, low back tenderness, and range of motion
16	limitations.  The ALJ did not err in considering plaintiff's
17	daily activities, which included personal care, cooking,
18	cleaning, and providing daily child care.  These activities
19	do not support the sit and stand/walk limitations or the off
20	task opinion set forth by Dr. Eppolito.
21	     The ALJ supportably concluded that the record
22	reflects that plaintiff was generally noted to present as
23	fully oriented and cooperative, with multiple observations
24	of him having a normal mood and affect, with an intact
25	ability to concentrate and attend.  See docket number 11 at

page 26, transcript page 19.

Moreover, the ALJ supportably noted that Dr. Eppolito's opinion about plaintiff's absences from work were unsupported given that plaintiff did not have a history of unscheduled visits for exacerbation of his back pain.

To the extent that plaintiff argues that the ALJ suggested that his back surgery was frivolously scheduled for November of 2020 and inappropriately emphasized the word, quote, stable, I find that argument unpersuasive. Instead, the ALJ appropriately considered that, in February of 2020, plaintiff was scheduled for back surgery, which was to occur in November of 2020. A plain reading of the ALJ's opinion does not explicitly state, nor implicitly suggest, that the ALJ opined that plaintiff's surgery was, quote, frivolously scheduled. In addition, the February 2020 office visit notes that -- notes stated that plaintiff was at the appointment, quote, to confirm that he wants the surgery and that his condition is otherwise stable, end quote. See docket number 11, attachment 1 at page 958 and transcript page 1449. In addition, Dr. Eng stated that plaintiff had a, quote, steady gait and was, quote, stable for surgery. See docket number 11, attachment 1, pages 962 to 963 and transcript pages 1453 to 1454. Thus, the ALJ did not inappropriately emphasize the word, quote, stable in an otherwise, quote, negative exam finding, as plaintiff

asserts.  See docket number 16 at 8.

The ALJ also properly discounted the opinion of Dr. Eppolito because his examinations were, quote, fairly cursory.  As plaintiff's brief sets forth, it appears that the bulk of back examination was deferred to the pain center and orthopedics.  See docket number 16 at 8.  As defendant's brief sets forth, the regulations direct that more weight is to be accorded to a, quote, physician who has treated, end quote, for a condition rather than one who has not.  See 20 CFR Section 416.927.

Finally, as defendant set forth in her brief, the ALJ's opinion does not rely on the opinion of consultative examiner Dr. Ganesh in evaluating the opinion of Dr. Eppolito.  Thus, plaintiff's contention that Dr. Ganesh's opinion was not a valid basis for the ALJ's rejection of Dr. Eppolito's opinion is without merit.

Moreover, to the extent that the ALJ did rely on Dr. Ganesh's opinion in his rejection of Dr. Eppolito's opinion, it was not in error.  Dr. Ganesh opined that plaintiff had no limitations in standing, walking, or sitting.  Although the ALJ found that Dr. Ganesh's opined, quote, moderate to severe limitations in lifting, carrying, pushing, and pulling were vague, a finding that plaintiff appears to agree with, the ALJ found that plaintiff had greater limitations in sitting, standing, and walking based

1 | on the additional evidence in the record.
2 |     Based upon this analysis, and as a result of the
3 | analysis, I therefore find that plaintiff's motion for
4 | judgment on the pleadings is denied.  Defendant's motion for
5 | judgment on the pleadings is granted.  Plaintiff's complaint
6 | is hereby dismissed.  And the Commissioner's decision
7 | denying plaintiff benefits is hereby affirmed.
8 |     This constitutes the decision and analysis of this
9 | Court.
10 |     - - - - -